IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LUIS LEDESMA and, | § | |
| DAVID PAUL GONZALES | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO.: 3:15-cv-00177 |
| | § | |
| AIRBUS HELICOPTERS, INC. f/k/a | § | |
| AMERICAN EUROCOPTER CORP. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT AIRBUS HELICOPTER, INC.'S RULE 12(B)(6) MOTION TO
DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND
<u>MEMORANDUM IN SUPPORT</u>**

# TABLE OF CONTENTS

**Page**

I. NATURE & STAGE OF PROCEEDING ................................................................. 1

II. ISSUES TO BE RULED UPON ......................................................................... 2

III. STATEMENT OF FACTS ............................................................................... 3

IV. SUMMARY OF ARGUMENT .......................................................................... 4

V. ARGUMENT ................................................................................................ 6

    A.    Failure to State a Claim, Ground One: Plaintiffs' Claims Are Time-Barred. ............................................................................................. 6

        1.    Admiralty Jurisdiction Is Lacking Because the Incident Was Not of the Type to Potentially Interfere with Maritime Commerce. ........ 6

        2.    Plaintiffs' Claims are Time-Barred. ............................................... 10

    B.    Failure to State a Claim, Ground Two: Failure to Allege Facts Supporting Causes of Action. .................................................................. 12

        1.    Rule 8(a) Standard for Pleading Factual Bases of Claims. ............. 12

        2.    Each of Plaintiffs' Causes of Action Fails to Meet this Standard. .. 13

            a.    Cause of Action No. 1: Negligent Design and/or Manufacture. ........................................................................ 13

            b.    Cause of Action No. 2: Negligent Failure to Train or Warn. 15

            c.    Cause of Action No. 3: Strict Liability. ............................... 16

            d.    Cause of Action No. 4: Gross Negligence. .......................... 16

            e.    Other Pleading Deficiencies Applicable to All Causes of Action. ............................................................................... 17

        3.    The Court Should Not Grant Leave to Amend .............................. 19

VI. CONCLUSION .......................................................................................... 19

# <u>TABLE OF AUTHORIES</u>

**Page(s)**

**SUPREME COURT CASES**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...................................................................................2, 5, 12

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................................................................2, 5, 12

*Exec. Jet Aviation v. City of Cleveland,*
409 U.S. 249, 270 (1972) ................................................................................... 6

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,*
513 U.S. 527 (1995) ...............................................................................2, 4, 7, 8, 9

*Offshore Logistics, Inc. v. Tallentire,*
477 U.S. 207 (1986) ........................................................................................... 9

**OTHER FEDERAL CASES**

*Bd. of Comm'rs of the Southeast La. Flood Protection Authority-East v. Tenn. Gas Pipeline Co., LLC,*
29 F. Supp. 3d 808, 826 (E.D. La. 2014) ....................................................... 9

*Bem v. Cheung et al.,*
2015 WL 4573204 (N.D. Cal. July 29, 2015) .....................................................15, 18

*Bowman v. Sanofi-Aventis U.S.,*
2009 WL 5083431 (W.D. Tex. Apr. 16, 2009) ........................................................ 10

*Cheramie v. Panther Helicopters, Inc.,*
2015 WL 693221 (E.D. La. Feb. 18, 2015).............................................................. 8

*Coastal Iron Works, Inc. v. Petty Ray Geophysical Div. of Geosource, Inc.,*
783 F.2d 577 (5th Cir. 1986) ............................................................................ 16

*Coghlan v. Aquasport Marine Corp.,*
73 F. Supp. 2d 769 (S.D. Tex. 1999) ...................................................................... 18

*Corwin v. Connecticut Valley Arms, Inc. et al.,*
74 F. Supp. 3d 883, 888-89 (N.D. Ill. 2014) ........................................................ 14

*Delpit v. Ansell, Inc.*,
    2004 WL 551206 (E.D. La. Mar. 17, 2004) ............................................................... 11

*Geer v. Allstate Fire & Cas. Ins. Co.*,
    2015 WL 4569520 (S.D. Tex. July 28, 2015) ........................................................... 17

*Gonzalez v. Bayer Healthcare Pharmaceuticals, Inc.*,
    930 F. Supp. 2d 808 (S.D. Tex. 2013) ...................................................................... 17

*Hall v. Smith*,
    497 Fed. Appx. 366 (5th Cir. 2012) .......................................................................... 19

*Hernandez v. Wood/Chuck Chipper Corp.*,
    2012 WL 1836352 (E.D. Tex. Apr. 13, 2012) .......................................................... 14

*Jones v. Alcoa, Inc.*,
    339 F.3d 359 (5th Cir. 2003) .................................................................................... 11

*Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*,
    20 F.3d 1362 (5th Cir. 1994) .................................................................................... 11

*Krummel v. Bombardier Corp.*,
    206 F.3d 548 (5th Cir. 2000) .................................................................................... 13

*LeDoux v. Petroleum Helicopters, Inc.*,
    609 F.2d 824 (5th Cir. 1980) ...................................................................................... 9

*Little v. KPMG LLP*,
    575 F.3d 533 (5th Cir. 2009) .................................................................................... 18

*Long v. Ford Motor Co.*,
    2008 WL 29377516 (D. Ariz. July 23, 2008) ........................................................... 10

*Montoya v. FedEx Ground Package System, Inc.*,
    614 F.3d 145 (5th Cir. 2010) .............................................................................. 12, 13

*Murthy v. Abbott Laboratories*,
    847 F. Supp. 2d 958 (S.D. Tex. 2012) ...................................................................... 11

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
    591 F.3d 250 (4th Cir. 2009) .................................................................................... 16

*Nguyen v. Boeing Co.*,
    2010 WL 2102501 (W.D. Wash. May 25, 2010) ...................................................... 18

iii

*Norris v. Hearst Trust*,
500 F.3d 454 (5th Cir. 2007) ............................................................. 8

*Oswalt v. Resolute Industries, Inc.*,
642 F.3d 856 (9th Cir. 2011) ............................................................ 13

*Parker v. Missouri City, Tex.*,
2015 WL 4431019 (S.D. Tex. July 17, 2015) ...................................... 12

*Rodriguez v. Gilead Sciences, Inc.*,
2015 WL 236621 (S.D. Tex. Jan. 16, 2015) ...................................12, 14

*Stearns v. Select Comfort Retail Corp.*,
763 F. Supp. 2d 1128 (N.D. Cal. July 21, 2010) ..................................... 19

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
752 F.3d 239 (2d Cir. 2014) ............................................................. 8

*Tran v. Thai*,
2010 WL 723633 (S.D. Tex. Mar. 1, 2010) ........................................ 16

*Waddell v. Edison Chouest Offshore*,
2015 WL 1285718 (S.D. Tex. Mar. 20, 2015) ...................................... 7

*Williamson v. Petroleum Helicopters, Inc.*,
32 F. Supp. 2d 456 (S.D. Tex. 1999) ................................................. 8

*Young v. United States Postal Serv.*,
2015 WL 4548014 (5th Cir. July 29, 2015) ........................................ 19

STATE CASES

*Bruning v. Hollowell*,
2015 WL 1291378 (Tex. App. – Dallas Mar. 23, 2015, pet. denied)........................ 10

*Ogbolu v. Colgate Palmolive Co.*,
No. 05-06-01480-CV, 2008 WL 171228 (Tex. App. – Dallas Jan. 22, 2008, no
pet.)..................................................................................... 10

STATUTES

28 U.S.C. § 1332(a)(2) ....................................................................... 6

28 U.S.C. § 1333 .............................................................................. 6

ARIZ. REV. STAT. ANN. § 12-542 ........................................................ 10

ARIZ. REV. STAT ANN. §§ 12-542, 551, 681(5) .............................................................. 10

LA. CIV. CODE ANN. Art. 3492 ..................................................................................... 11

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ................................................................. 10

**RULES**

FED. R. CIV. P. 8(a) ................................................................................................... 2, 12

FED. R. CIV. P. 12(b)(6) ........................................................................................ PASSIM

**OTHER AUTHORITIES**

RESTATEMENT (THIRD) OF TORTS ........................................................................... 13, 15

Trek C. Doyal & Roberto Calvo Ponton, *The Renaissance of the Foreign Action and a Practical Response*, 33 TEX. TECH. L. REV. 293, 310, n. 140 (2002) .............. 11

# I.    <u>NATURE & STAGE OF PROCEEDING</u>

This is one of four separate lawsuits filed in two different Texas federal courts by Plaintiffs Luis Ledesma and David Paul Gonzales ("Plaintiffs").  They allege they were injured when a Mexican registered helicopter (the "Helicopter") on which they were passengers made a temporary descent, but did not impact the water, while flying over the Gulf of Mexico (the "Incident").  In the other three lawsuits they have alleged that the incident was the result of the operational negligence of the Mexican operator, Transportes Aereos Pegaso ("Pegaso").

In this fourth lawsuit, which they filed exactly three years to the day after the Incident, they have named Airbus Helicopters, Inc. ("AHI") as the sole defendant and now assert for the first time that the Incident was caused by a defect in the Helicopter.  Despite having three years to investigate and discover facts pertaining to the incident, including through litigation, their Complaint contains no information about how the Helicopter was purportedly defective or how any defect or anything else AHI supposedly did or did not do caused or contributed to the Incident.  Instead, it merely restates legal conclusions based on elements of their products liability causes of action.  The Complaint does not even identify what injuries Plaintiffs allegedly sustained.

AHI brings this Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted for two independent reasons.  First, Plaintiffs' claims against AHI are barred by the applicable statutes of limitations.  While Plaintiffs assert that this action falls within the Court's admiralty jurisdiction, it does not, as the Incident did not

potentially impact maritime commerce, and thus fails to meet the Supreme Court's test for admiralty jurisdiction.   Therefore, the three-year statute of limitations for these personal injury claims provided by maritime law does not apply, and they are untimely under all other potentially applicable statute of limitations, the longest of which would have expired one year before this lawsuit was filed.   Second, even if the Court finds that the claims are not time-barred, Plaintiffs' Complaint should be dismissed in its entirety, with prejudice, because each of its four causes of action rests exclusively on conclusory allegations that fail to plead a legally sufficient factual basis upon which relief can be granted against AHI under Supreme Court precedent.

## II.   <u>ISSUES TO BE RULED UPON</u>

1.   Whether admiralty jurisdiction is present under the test set forth by the Supreme Court in *Jerome B. Grubart, Inc.  v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995), where, as here, the Incident was not of a kind that could potentially disrupt maritime commerce.

2.   Whether Plaintiffs' claims are barred by the applicable statute of limitations.

3.   Whether, if not barred by the applicable statute of limitations, Plaintiffs' claims must be dismissed for failure to allege facts sufficient to support their causes of action against AHI, in accordance with the requirements set forth in FED. R. CIV. P. 8(a), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III.   STATEMENT OF FACTS

Plaintiffs are residents of Arizona and Louisiana.  [Dkt. 1 (Complaint ¶¶ 1.1-1.2).]
They assert that they were injured on July 13, 2012, while passengers on a Eurocopter
EC155 helicopter flying from the West Pegasus platform, a drilling rig located in the
Gulf of Mexico, to Matamoros, Mexico.  [*Id.* at ¶ 4.1.]  Plaintiffs allege that during the
flight, the Helicopter experienced a temporary "free fall" towards the surface of the water
before the pilots recovered and continued the flight without further incident to its
intended destination.  [*Id.*]  The Helicopter did not crash or impact the water, and
Plaintiffs do not allege how, in the absence of an impact, the Incident left them injured.
[*Id.*, *passim*.]  Nor do they allege any facts identifying their injuries.  [*Id.* at ¶ 4.1.]

Plaintiffs filed their Complaint against AHI on July 13, 2015, exactly three years
to the day after the Incident.  [*Id.*]  AHI is the sole defendant named in this action.  [*Id.* at
¶ 1.3.]  The Complaint asserts causes of actions against AHI for: (1) Negligent Design
and/or Manufacture; (2) Negligent Failure to Train/Warn; (3) Strict Product Liability; and
(4) Gross Negligence.  [Dkt. 1, ¶¶ 5.1-5.11].  The Complaint does not state any factual
information identifying the nature of the alleged defect in either general or specific terms
or how it allegedly caused the Incident.  [*Id., passim*.]

Before suing AHI, these same Plaintiffs filed two prior lawsuits in this Court over
the Incident against their employer, Seadrill Americas, Inc. ("Seadrill"), and Pegaso, the
Mexican operator of the Helicopter, in which they alleged that the Incident was caused by
operational errors.  [*See Gonzales, et al. v. Seadrill Americas, Inc. et al.*, U. S. District

Court, Southern District of Texas, Galveston Division, C.A. NO. 3:12-cv-00308 ("First Action"), Dkt. 1, ¶¶ 9-11; *Gonzales, et al. v. Transportes Aereos Pegaso,* U. S. District Court, Southern District of Texas, Galveston Division, C.A. NO. 3:14-cv-00320 ("Second Action"), Dkt. 1, ¶¶ 4.01-4.03.]   They filed yet another, third, action, also against Pegaso, in the Northern District of Texas on the same day they filed this lawsuit against AHI.   [*See Gonzales, et al. v. Transportes Aereos Pegaso,* U. S. District Court, Northern District of Texas, Fort Worth Division, C.A. NO. 4:15-cv-00511 ("Third Action").]   That action also alleges that Pegaso's operational negligence caused the Incident.   [Third Action, Complaint, Dkt. 1, ¶ 4.03.]

## IV.   SUMMARY OF ARGUMENT

Plaintiffs' Complaint is subject to dismissal under Rule 12(b)(6) for two independent reasons.   First, their personal injury claims are time-barred.   Plaintiffs have not met their burden of alleging facts necessary to satisfy the Supreme Court's test for admiralty jurisdiction set forth in *Jerome B. Grubart, Inc.  v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995).   Nor can they since the facts of the Incident do not satisfy that test.   Thus, the three-year statute of limitations provided by maritime law does not apply, and the claims are time-barred under the laws of every other potentially relevant jurisdiction – including Texas (where AHI is headquartered), Mexico (where the incident occurred), Arizona (where Plaintiff Ledesma resides), and Louisiana (where Plaintiff Gonzales resides).

Second, even if the action were not time-barred, Plaintiffs' Complaint should be dismissed because it fails to state any factual basis for a claim against AHI upon which relief could be granted.  Despite the three years that have passed since the Incident, and despite having the benefit of discovery against the operator of the Helicopter in a prior action, Plaintiffs' Complaint alleges:

- no facts that tie AHI to the Helicopter;

- no facts that identify a design, manufacturing or informational/warnings defect;

- no facts to establish that AHI designed, manufactured or distributed the Helicopter;

- no facts as to what component or system of the helicopter AHI had a duty to warn or instruct about, or how it breached that duty;

- no facts as to how an alleged defect or failure to warn or instruct caused or contributed to the Incident; and

- no facts about how Plaintiffs were allegedly injured.

Plaintiffs do not even specify any facts about the nature of their injuries, which they would certainly have knowledge about, other than to allege legal categories of compensable damages.  Their Complaint merely states that the Incident happened. Otherwise, it wholly fails to comply with the pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

# V.   ARGUMENT

## A.   FAILURE TO STATE A CLAIM, GROUND ONE: PLAINTIFFS' CLAIMS ARE TIME-BARRED.

Plaintiffs assert that this matter falls within the Court's admiralty jurisdiction, 28 U.S.C. § 1333.  [Dkt. 1 (Complaint ¶ 2.1).]  If it did, the three-year statute of limitations for personal injury claims provided by maritime law would apply.  However, Plaintiffs' Complaint fails to allege the facts necessary to invoke admiralty jurisdiction and maritime law.  Thus, the Court – sitting in diversity[1] – would apply the statute of limitations of one the relevant jurisdictions, either Texas, Mexico, Arizona or Louisiana, and Plaintiffs' claims are time-barred under all of these jurisdictions' statutes.

### 1.   Admiralty Jurisdiction Is Lacking Because the Incident Was Not of the Type to Potentially Interfere with Maritime Commerce.

The Supreme Court has long acknowledged that maritime law should have a narrow application with regard to aviation incidents.  In *Exec. Jet Aviation v. City of Cleveland*, the Court stated that aviation incidents:

> [will] almost invariably have been attributable to a cause unrelated to the sea – be it pilot error, defective design or manufacture  of airframe or engine, error of a traffic controller at an airport, or some other cause; and the determination of liability will thus be based on factual and conceptual inquiries unfamiliar to the law of admiralty.

409 U.S. 249, 270 (1972).

---

[1]   The Court would appear to have diversity of citizenship subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(2), as Plaintiffs are alleged to be citizens of Arizona and Louisiana, and AHI is a Delaware corporation with its principal place of business in Texas.  Presumably, Plaintiffs would allege that the amount in controversy exceeds the jurisdictional amount.

Years later, in *Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995), the Supreme Court established a three-requirement test for admiralty jurisdiction in a tort action:

> **The Location Requirement:** This part of the test is a satisfied if the tort occurred on navigable waters, or if the injury suffered on land was caused by a vessel on navigable waters.
>
> **The Connection Requirement:** This part of the test is satisfied when: (a) the general features of the type of incident involved have a potentially disruptive impact on maritime commerce; and (b) the general character of the activity giving rise to the incident has a "substantial relationship" to a traditional maritime activity.

*Id.* at 534; *see also Waddell v. Edison Chouest Offshore*, No. G-14-170, 2015 WL 1285718, at *2 (S.D. Tex. Mar. 20, 2015).

Applied to this case, even if the helicopter's alleged "free fall" over the Gulf of Mexico satisfied the location requirement, Plaintiffs have not alleged facts to satisfy the connection requirement.  Nor can they, because what they do allege conclusively establishes that the connection requirement cannot be met.

The Supreme Court made clear in *Grubart* that "in flying an [aircraft] over the water, the relationship is too attenuated" to maritime activity to meet the connection test. *Grubart,* 513 U.S. at 540.  In order to satisfy the "potential disruption" requirement of the connection test, the alleged incident must be of a type or class of incidents that poses

7

"'more than a fanciful risk to commercial shipping.'" *Williamson v. Petroleum Helicopters, Inc.*, 32 F. Supp. 2d 456, 459 (S.D. Tex. 1999) (quoting *Grubart*, 513 U.S. at 538). The Incident alleged by Plaintiffs does not meet that requirement. Plaintiffs do not allege that a crash occurred, or that the Helicopter, or any part of it, touched the water. Nor can they, as they know that the Helicopter took off and landed safely at its destination without it or any part of it ever touching the water and this was confirmed in the First Action.[2] The Incident was nothing more than a temporary loss of altitude.

Post-*Grubart* authority from this district and others makes clear that aviation incidents have the potential to disrupt maritime commerce when they actually or threaten to disrupt commercial shipping lanes, such as in the case of a crash, where debris in the water can interfere with commercial ships. *Compare Williamson*, 32 F. Supp. 2d at 459 (finding that "[t]he sinking of an aircraft in navigable waters is well within" the class of incidents that could have an impact on maritime commerce), *and Cheramie v. Panther Helicopters, Inc.*, No. 14-1597, 2015 WL 693221, at *2 (E.D. La. Feb. 18, 2015) ("a helicopter crash in the Gulf of Mexico is potentially disruptive of maritime commerce"), *with Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 249-50 (2d Cir.

---

[2]    A Declaration of Pegaso's Chief Operating Officer, Jose Armando Erosa Zepeda, submitted during the First Action, established that the Helicopter took off from Matamoros, Mexico and flew to the West Pegasus oil rig, where Plaintiffs boarded. *See* First Action, Declaration of Erosa Zepeda, Dkt. 20-2, at ¶ 4 [Exhibit A; Appx. pp 1-3]. The Helicopter then flew back to Matamoros, where Plaintiffs offloaded. *Id.* Erosa Zepeda's account is consistent with that of the flight's captain, Jesus Velasco Soriano, who provided a post-incident statement. *See* First Action, Pilot's Statement, Dkt. 33-1 [Exhibit B; Appx. 4-6]. The Court can take judicial notice of this publically-available document in deciding this Rule 12(b)(6) motion. *See Norris v. Hearst Trust*, 500 F.3d 454, 461, n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").

2014) (finding that a fistfight on a dock did not have a potentially disruptive impact on maritime commerce, because unlike a sinking plane, a collision between vessels,  or a collision between a vessel and an underwater structure it does not create any obstruction to the free passage of commercial ships along navigable waterways, cannot lead to a disruption in the course of the waterway itself, and cannot immediately damage nearby commercial vessels), *and Bd. of Comm'rs of the Southeast La. Flood Protection Authority-East v. Tenn. Gas Pipeline Co., LLC,* 29 F. Supp. 3d 808, 826 (E.D. La. 2014) (finding that oil and gas production activities that allegedly contributed to coastal corrosion did not have a potentially disruptive impact on maritime commerce in part because "[i]t does not impede vessel traffic" and it did not "threaten the physical integrity of vessels").

The Incident as alleged by Plaintiffs – and as established by the record in prior litigation – was not potentially disruptive to maritime commerce.  It is not enough that the Incident occurred over navigable waters while transporting individuals from an oil rig.[3] Under *Grubart*, the nature of the incident must place maritime commerce at risk; it must disrupt a waterway posing a risk to commercial vessels.  No such risk was present in this

---

[3]   Helicopter flights between shore and offshore drilling platforms have been found to have a significant relationship to traditional maritime activities in cases that pre-date *Grubart*, and thus did not specifically address the connection test's requirement of impact on maritime commerce.  *See, e.g., Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 219 (1986); *LeDoux v. Petroleum Helicopters, Inc.*, 609 F.2d 824, 824 (5th Cir. 1980). In addition to pre-dating *Grubart*, these cases also involved facts where the aircraft crashed into navigable waters.  They therefore differ significantly from this case.

case, where the Helicopter safely landed at its destination after temporarily losing altitude over the Gulf of Mexico.

###   2.   Plaintiffs' Claims are Time-Barred.

In the absence of admiralty jurisdiction, the statute of limitations that would govern Plaintiffs' claims in a diversity action would be determined by the Texas choice of law rule. However, the Court need not engage in a conflicts of laws analysis to determine what specific statute of limitations to apply, because the Plaintiffs' claims are time-barred under any of the potential sovereign's laws.

Texas and Arizona have two-year statutes of limitations for personal injury claims. See TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West 2015); *Bowman v. Sanofi-Aventis U.S.*, No. A-09-CA-192-SS, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009) ("Defendant alleges dismissal based on the statute of limitations – which, for products liability actions, is two years under Texas law . . ."); *Bruning v. Hollowell*, No. 05-13-01033-CV, 2015 WL 1291378, at *3 (Tex. App. – Dallas Mar. 23, 2015, pet. denied) ("[T]he statute of limitations for negligence, gross negligence, and negligent misrepresentation is two years."); *Ogbolu v. Colgate Palmolive Co.*, No. 05-06-01480-CV, 2008 WL 171228, at *1 (Tex. App. – Dallas Jan. 22, 2008, no pet.) ("The limitations period for . . . products liability causes of action is two years."); ARIZ. REV. STAT ANN. §§ 12-542, 551, 681(5) (the statute of limitations for strict products liability is two years); ARIZ. REV. STAT. ANN. § 12-542 (the statute of limitations period for negligence claims is also two years); *Long v. Ford Motor Co.*, No. CV 07-2206-PHX-JAT, 2008 WL

29377516, at *2 (D. Ariz. July 23, 2008) (finding that the limitations period for negligence and strict products liability claims is two years).

Louisiana has a one-year time limit for personal injury claims.  LA. CIV. CODE ANN. Art. 3492; *Delpit v. Ansell, Inc*., No. Civ. A.97-1112, 2004 WL 551206, at *2 (E.D. La. Mar. 17, 2004) (holding that in Louisiana delictual actions, such as negligence and strict liability, are subject to a one-year limitations period).

Mexico has either a one- or two-year time limit, depending on the case.  *See* Trek C. Doyal & Roberto Calvo Ponton, *The Renaissance of the Foreign Action and a Practical Response*, 33 TEX. TECH. L. REV. 293, 310, n. 140 (2002) ("In most Mexican jurisdictions, the limitations period for personal injury actions is two years.  However, in some jurisdictions the limitations period is only one year.  The statute of limitations for products liability actions is also one year.") (citations omitted).

Accordingly, under Texas, Arizona, Louisiana and Mexico law, Plaintiffs' personal injury and products liability claims expired at least one year before this action was commenced.  Consequently, Plaintiffs' Complaint should be dismissed with prejudice.[4]  *Murthy v. Abbott Laboratories*, 847 F. Supp. 2d 958, 979 (S.D. Tex. 2012) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred . . .") (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)); *Kansa Reinsurance Co., Ltd. v. Congressional Mortg.*

---

[4]    The Court still has jurisdiction to dismiss the action even if it finds admiralty jurisdiction lacking because, as noted, it has diversity jurisdiction.

*Corp. of Tex.,* 20 F.3d 1362, 1366 (5ᵗʰ Cir. 1994) (dismissing, pursuant to Rule 12(b)(6), a claim filed after the applicable statute of limitations had run).

**B.      FAILURE TO STATE A CLAIM, GROUND TWO: FAILURE TO ALLEGE FACTS SUPPORTING CAUSES OF ACTION.**

If the Court finds that maritime law applies and that Plaintiffs' claims are not time-barred, the Complaint should still be dismissed because Plaintiffs have not alleged facts regarding the nature of their products liability causes of action sufficient to support a claim upon which relief may be granted.

**1.      Rule 8(a) Standard for Pleading Factual Bases of Claims.**

Under *Twombly*, 550 U.S. at 557, in order to state a claim in accordance with Fed. R. Civ. P. 8(a), Plaintiffs must assert allegations that take their claim from "conclusory" to "factual" and beyond "possible" to "plausible." *Rodriguez v. Gilead Sciences, Inc.*, No. 2:14-CV-324, 2015 WL 236621, at *2 (S.D. Tex. Jan. 16, 2015). To determine if a claim has facial plausibility sufficient to withstand a motion to dismiss, the court must determine if the pleaded *factual* content could allow it to draw the reasonable inference that the defendant is liable for the alleged wrong. *Montoya v. FedEx Ground Package System, Inc*., 614 F.3d 145, 149 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 662). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" in the face of a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678. Similarly, conclusory allegations must be disregarded, as they are not entitled to the assumption of truth. *Id.* Only facts are to be considered. *Id.* Further, the Complaint must show that Plaintiff's right to relief rises above mere speculation. *Parker v. Missouri*

*City, Tex.*, No. 4:12-CV-2484, 2015 WL 4431019, at *1 (S.D. Tex. July 17, 2015) (quoting *Montoya*, 614 F.3d at 148).

### 2.   Each of Plaintiffs' Causes of Action Fails to Meet this Standard.

#### a.   Cause of Action No. 1: Negligent Design and/or Manufacture.

Under maritime law, a product is defective in design when "the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe." RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 2(b) (1998); *Krummel v. Bombardier Corp.*, 206 F.3d 548, 552 (5th Cir. 2000) (applying Restatement (Third) in maritime product defect case); *see also Oswalt v. Resolute Industries, Inc.*, 642 F.3d 856, 860 (9th Cir. 2011) (finding that the 5th, 9th, and 11th Circuits have relied upon the Restatement (Third) in addressing product liability claims under maritime law). A product "contains a manufacturing defect when the product departs from its intended design even though all possible care was exercised in the preparation and marketing of the product." RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 2(a) (1998).

There are no factual allegations in Plaintiffs' Complaint to support these causes of action. For the cause of action for *Negligent Design and/or Manufacture*, the Complaint alleges in its entirety:

> 5.1 Defendant was obligated to exercise reasonable care when designing, manufacturing, assembling, distributing, servicing,

inspecting, certifying as airworthy, and selling aircraft, components, and systems including the Helicopter.

5.2 Defendant negligently designed, manufactured, assembled, distributed, serviced, inspected, certified as airworthy, sold, or otherwise placed in the stream of commerce the Helicopter, components and systems which were dangerous and unsafe for their intended uses.

5.3 As a direct and proximate result of Defendant's negligence, Plaintiffs sustained damages in an amount to be shown at trial.

These are mere conclusory allegations that fall far below the Supreme Court's pleading standard. As to a design defect, the Complaint does not identify what system or component of the Helicopter posed a foreseeable risk of harm, or how an alternative design might have rendered the Helicopter safer, as required under the law. *Compare Hernandez v. Wood/Chuck Chipper Corp.*, No. 4:11-CV-597, 2012 WL 1836352, at *3-4 (E.D. Tex. Apr. 13, 2012) (finding that a plaintiff had stated a claim for design defect where plaintiff had made specific allegations regarding the defect in the design and a reasonable alternative design), *with Corwin v. Connecticut Valley Arms, Inc. et al.*, 74 F. Supp. 3d 883, 888-89 (N.D. Ill. 2014) (finding that plaintiff had failed to state a claim for negligence in a product liability action where no facts were alleged to identify a defect); *see also Rodriguez*, 2015 WL 236621, at *3 (dismissing a design defect claim for failing to plead facts supporting a safer alternative design (as required under Texas law, but also required under maritime law)).

Similarly, as to a manufacturing defect, the Complaint does not allege what part or component of the Helicopter purportedly deviated from its intended design or specifications. *Hernandez*, 2012 WL 1836352, *4 (finding that a plaintiff had failed to

state a claim for manufacturing defect where there was no allegations regarding how the product deviated from its specifications); *see Bem v. Cheung et al.*, No. 152485 MMC, 2015 WL 4573204, at *1 (N.D. Cal. July 29, 2015) (finding that a plaintiff failed to state a claim for manufacturing defect where no facts describing the particularly defect, injury sustained, or manner in which defendant was negligent were pled).

### b.       Cause of Action No. 2: Negligent Failure to Train or Warn.

A product contains a warning defect when "the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe."  RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 2(c) (1998).

Plaintiffs' Complaint does not allege any facts to support such a claim.  For its cause of action entitled *Negligent Failure to Train or Warn*, the Complaint states in its entirety:

> 5.4 Defendant knew or should have known there were deficiencies or defects in the Helicopter, its operating system, and/or its component parts before the incident made the basis of this suit where the aircraft went into free fall, without warning, during normal flight operations.

> 5.5 Defendant knew or should have known that said deficiencies or defects would cause a system operational failure in the Helicopter that would cause injury.

> 5.6 Defendant is liable for negligence based on its failure to train the pilots and warn users of said deficiencies or defects, including the risk of system operational failure.

> 5.7 As a direct and proximate result of Defendant's negligence, Plaintiffs sustained damages in an amount to be shown at trial.

Again, the Complaint is devoid of facts identifying the nature of any alleged risk posed by the Helicopter, or how a warning or instruction could have avoided the risk.

### c.   Cause of Action No. 3: Strict Liability.

In support of this cause of action, Plaintiffs merely assert that:

> 5.8 Defendant is in the business of designing, manufacturing, servicing, inspecting, certifying and selling helicopters.
>
> 5.9 At all material times, the Helicopter and its systems and components were in a dangerous and defective condition, making them unsafe for their intended uses.
>
> 5.10 As a direct and proximate result of the defective and dangerous condition of the Helicopter, systems and components, Plaintiffs sustained damages in an amount to be shown at trial.

Plaintiffs also do not allege any factual basis for these conclusory statements that AHI was involved with the design, manufacture or distribution of the Helicopter, which they must prove to establish AHI's strict liability for a product defect (assuming they had identified a defect with legal sufficiency).   Their general, conclusory assertions about AHI's involvement are exactly the type of "bare assertions devoid of further factual enhancement [that] fail to constitute well-plead facts for Rule 12(b)(6) purposes." *Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *2 (S.D. Tex. Mar. 1, 2010) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009)).

### d.   Cause of Action No. 4: Gross Negligence.

Gross negligence under maritime law is "defined as harm willfully inflicted or caused by gross or wanton negligence." *Coastal Iron Works, Inc. v. Petty Ray*

*Geophysical Div. of Geosource, Inc.*, 783 F.2d 577, 582 (5th Cir. 1986).  Having failed to plead a claim for negligence, Plaintiffs cannot state a claim for gross negligence. *Gonzalez v. Bayer Healthcare Pharmaceuticals, Inc.*, 930 F. Supp. 2d 808, 818 (S.D. Tex. 2013).   Indeed, Plaintiffs' claim for gross negligence relies upon the same insufficient conclusory allegations that render their other causes of action subject to dismissal.  Plaintiffs claim that AHI's acts or omissions "involve[d] an extreme degree of risk" without identifying anything specific about those acts and omissions.  [Complaint ¶ 5.11.]  Plaintiffs also claim that AHI took those unidentified actions with awareness of the risks involved, but do not identify those risks.  Having alleged no facts to support this claim, Plaintiffs' claim for gross negligence should be dismissed.

<strong>e.     <u>Other Pleading Deficiencies Applicable to All Causes of Action.</u></strong>

Plaintiffs also fail to allege facts that support a causal connection between an unidentified defect or failure to warn/instruct, the Incident and their alleged injuries, which is also a required element of their pleading.  *Gonzalez*, 930 F. Supp. 2d at 818 (finding a strict liability claim insufficient where it failed to identify the nature of the defect, indicate how it made the product unreasonably dangerous, or explain how the product caused the alleged injuries – "formulaic recitation of the elements of a strict liability claim is insufficient to state a claim under Rule 12(b)(6)"); *Geer v. Allstate Fire & Cas. Ins. Co.*, No. 2:15-CV-95, 2015 WL 4569520, at *2 (S.D. Tex. July 28, 2015) ("Threadbare recitals of the elements of a cause of action or mere conclusory statements do not suffice as factual allegations.").

17

Plaintiffs do not even allege a factual basis for their alleged injuries.  *Little v. KPMG LLP*, 575 F.3d 533, 535 (5th Cir. 2009) (dismissal under [Rule 12(b)(6)] appropriate where plaintiff "failed to plead actual, concrete injury").  Plaintiffs merely assert that as a result of the "free fall" they suffered severe and debilitating injuries [Complaint ¶ 4.1], but they do not identify what those injuries are, or how they were connected to the events onboard the Helicopter.  If there is one part of the Complaint that Plaintiffs should without a doubt possess the factual information to make a legally sufficient allegation, it is their damages allegations.  However, even though Plaintiffs should have specific knowledge regarding their alleged injuries, especially three years after the Incident, they rely solely on conclusory claims of mental anguish, pain and suffering, and disfigurement, without identifying an actual injury or a causal connection between that injury and the Incident.  Having failed to adequately allege the factual bases for any injuries, an element that is a foundation to their entire lawsuit, Plaintiffs' Complaint should be dismissed.  *See Coghlan v. Aquasport Marine Corp.*, 73 F. Supp. 2d 769, 771-74 (S.D. Tex. 1999) (finding that "Plaintiffs have failed to allege the sort of concrete and palpable injuries required to state a claim for relief" . . . and noting the "copious precedent requiring damages to be actual and palpable in order to be legally cognizable"). *See also Bem,* 2015 WL 4573204, at *1 (dismissing cause of action on a 12(b)(6) motion where Plaintiff "fail[ed] to plead any facts describing . . . the injury sustained"); *Nguyen v. Boeing Co.*, No. C10-0415MJP, 2010 WL 2102501, at *4 (W.D. Wash. May 25, 2010) (dismissing claim, in part, because plaintiff "[did] not plead with

any specificity . . . what injury was suffered"); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1155 (N.D. Cal. July 21, 2010).

### 3.   The Court Should Not Grant Leave to Amend

Leave to amend should not be granted where there is no indication that the defects in the complaint could be cured, rendering any proposed amendment futile as it would not survive a motion to dismiss.  *Young v. United States Postal Serv.*, No. 14-51110, 2015 WL 4548014, at *3 (5th Cir. July 29, 2015); *Hall v. Smith*, 497 Fed. Appx. 366, 375 (5th Cir. 2012).

Under the circumstances, any request by Plaintiffs for leave to amend should be denied.  Three years *to the day* after the Incident, after having already litigated for several years against their employer, Seadrill, and the Helicopter's operator, Pegaso, during which time they alleged that the Incident resulted from operational error, Plaintiffs, at the very last moment decided to sue AHI.  They apparently did so with absolutely no factual basis for doing so, despite having three years to investigate the Incident's cause(s) and circumstances(s) – or, if they did have a factual basis, they intentionally failed to include any such information in their Complaint, which itself would warrant dismissal.

### VI.   CONCLUSION

For the foregoing reasons, Defendant AHI respectfully requests that the Court find that the Plaintiffs' Complaint fails to state a claim upon which relief may be granted because: (1) the claims are time-barred by the applicable statute of limitations; or, in the alternative, (2) the Complaint fails to plead facts sufficient to support the causes of action asserted against AHI, and that the Plaintiffs' Complaint be dismissed with prejudice.

19

Dated:  September 3, 2015    Respectfully submitted,


          */s/ C. Scott Jones*
          C. Scott Jones
          Attorney-in-Charge
           Texas Bar No. 24012922
           S.D. No. 30151
          LOCKE LORD LLP
          2200 Ross Avenue, Suite 2200
          Dallas, Texas  75201-6776
          Telephone:  (214) 740-8761
          Facsimile: (214) 740-8800

          Of Counsel:

          Joseph J. Ortego
           New York Bar No. 1673805
          Thomas M. Mealiffe
           New York Bar No. 4368494
          NIXON PEABODY LLP
          437 Madison Avenue
          New York, NY 10022-7039
          Telephone:  (212) 940-3045
          Facsimile:  (866) 947-2079

          Eric C. Strain
           California Bar No. 203834
          NIXON PEABODY LLP
          One Embarcadero Center
          Suite 1800
          San Francisco, CA  94111-3600
          Telephone:  (415) 984-8373
          Facsimile:  (415) 984-8300

          ATTORNEYS FOR DEFENDANT
          AIRBUS HELICOPTERS, INC.

## CERTIFICATE OF SERVICE

I certify that on September 3, 2015, a copy of the this pleading has been forwarded to all unrepresented individuals and all counsel of record by the Court's CM/ECF electronic notice system, telecopy transmission, email, hand delivery, or by placing same in the U.S. Mail, postage prepaid.

*/s/ C. Scott Jones*

Counsel for Defendant Airbus Helicopters, Inc.