IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LUIS LEDESMA and | § | C.A. NO. 3:15-cv-00177 |
| DAVID PAUL GONZALES | § | |
| | § | |
| VS. | § | |
| | § | |
| AIRBUS HELICOPTERS, INC. f/k/a | § | |
| AMERICAN EUROCOPTER CORP. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**under Rule 26(f)**
**Federal Rules of Civil Procedure**

1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.

   The parties conferred by telephone on December 4, 2015, through their counsel of record, as follows:

   For Plaintiffs Luis Ledesma and David Paul Gonzales ("Plaintiffs"): Jerry C. von Sternberg, 401 Louisiana Street, 8th Floor, Houston, Texas 77002, Texas Bar No. 20618150, Telephone 713.653.5600, Facsimile 713.653.5656, jvs@spaglaw.com

   For Defendant Airbus Helicopters, Inc. ("Defendant"): C. Scott Jones, Locke Lord LLP 2200 Ross Avenue, Suite 2200, Dallas Texas 75201-6776, Telephone 214.740.8000, Facsimile 214.756.8800.

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

   *Gonzales, et al. v. Transportes Aereos Pegaso,* U. S. District Court, Southern District of Texas, Galveston Division, C.A. NO. 3:14-cv-00320 – Attachment proceeding relating to the events underlying this action and based upon the operational negligence of defendants Transportes Aereos Pegaso.

*Gonzales, et al. v. Transportes Aereos Pegaso,* U. S. District Court, Northern District of Texas, Ft. Worth Division, C.A. NO. 4:15-cv-00511 – Attachment proceeding relating to the events underlying this action and based upon the operational negligence of defendants Transportes Aereos Pegaso.

3. Briefly describe what this case is about.

    Plaintiffs assert that they were injured on July 13, 2012, while passengers on a Eurocopter EC155 helicopter flying from the West Pegasus platform, a drilling rig located in the Gulf of Mexico, to Matamoros, Mexico. Plaintiffs allege that during the flight the helicopter experienced a "free fall" towards the surface of the water, before the pilots recovered and continued the flight to its intended destination, resulting in injuries

    As set forth in its pending motion to dismiss, Defendant Airbus Helicopters Inc. asserts that Plaintiffs have failed to allege facts sufficient to support their causes of action against it, and therefore Airbus Helicopters Inc. does not know the basis for the claims asserted against it. Plaintiffs' claims are also time-barred.

4. Specify the allegation of federal jurisdiction.

    Admiralty, 28 U.S.C. § 1333.

5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

    As set forth in its pending motion to dismiss, Defendant disputes the application of admiralty jurisdiction in this matter, because the temporary loss of altitude of the helicopter over the Gulf of Mexico without water impact does not meet the U.S. Supreme Court's test for admiralty jurisdiction, as the incident did not potentially impact maritime commerce.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None of which the parties are presently aware.

7. List anticipated interventions.

    None.

8.  Describe class-action issues.

    None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The parties will make their disclosures by December 14, 2015.

10. Describe the proposed agreed discovery plan, including:

    Defendant believes that discovery should not commence until after the Court has ruled on its motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief may be granted. The following proposed dates are made subject to that position.

    a.  responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;

        No matters other than as outlined below.

    b.  when and to whom the plaintiff anticipates it may send interrogatories.

        Plaintiffs will serve written discovery on Defendant following the Rule 16 Conference.

    c.  when and to whom the defendant anticipates it may send interrogatories.

        Defendant will serve written discovery following the Rule 16 Conference.

    d.  of whom and by when the plaintiff anticipates taking oral depositions.

        Plaintiffs anticipate taking the depositions of those persons with knowledge of relevant facts, including Defendant's corporate representatives, which can be completed by the end of May, 2016.

    e.    Of whom and by when the defendant anticipates taking oral depositions.

        Defendant anticipates taking the deposition of the plaintiffs, relevant fact witnesses, including potential non-parties, such as the operator of the helicopter, and any experts that Plaintiffs may designate.

    f.    (i) the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;

        Plaintiff anticipates designating experts and providing reports by the end of July, 2016.

        (ii) the date experts for defendant will be designated and their reports provided to opposing party;

        Defendant anticipates designating experts and providing report by the end of September, 2016.

    g.    list of expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(B) (expert report)); and

        Plaintiff does not anticipate deposing Defendant's experts; however, if necessary, same will be deposed by the October 14, 2016.

    h.    list of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (*see* Rule26(a)(2)(B) (export report)).

        Defendant anticipates taking the deposition of any expert designated by Plaintiffs by the end of August, 2016.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    The parties are in agreement.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

4

13. State the date the planned discovery can reasonably be completed.

    The parties can complete discovery by the end of October, 2016.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Plaintiffs and defendants are amenable to settlement discussions and/or mediation following preliminary development to facilitate a meaningful mediation.

15. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

    Plaintiffs and defendants are amenable to settlement discussions and/or mediation following preliminary development to facilitate a meaningful mediation.

16. From the attorneys' discussions with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.

    Plaintiffs and defendants believe that the matter is suited for mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not consent to trial by magistrate.

18. State whether a jury demand has been made and if it was made on time.

    Jury demand was made timely.

19. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).

    The Plaintiffs anticipate 3-4 days for trial, and Defendant anticipates 5-7 days for trial.

20. List pending motions that could be ruled on at the initial pretrial conference.

    Defendant's Motion to Dismiss the Complaint for Failure to State a Claim [DE 8];
    Defendant's Motion to Strike Plaintiffs' Sur-Reply [DE 16];
    Plaintiffs' Motion for Leave to File Sur-Reply [DE 17].

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the Court at the conference.

    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Plaintiffs filed their Certificate of Interested Parties on September 2, 2015.

    Defendant filed its Certificate of Interested Parties on August 14, 2015.

24. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel

    Counsel for Plaintiffs:

    Francis I. Spagnoletti, Texas Bar No. 18869600, Jerry C. von Sternberg, Texas Bar No. 20618150, 401 Louisiana Street, 8th Floor, Houston, Texas 77002, frank@spaglaw.com jvs@spaglaw.com; telephone 713.653.5600.

Counsel for Defendant:

C. Scott Jones
Locke Lord LLP
2200 Ross Avenue
Suite 2200
Dallas, TX 75201
214-740-8761
Fax: 214-756-8761
Email: sjones@lockelord.com
State Bar No. 24012922
S.D. No. 30151

Joseph Ortego
Nixon Peabody LLP
437 Madison Ave
New York, NY 10022-7739
212-940-3000
Fax: 866-947-2079
E-mail: jortego@nixonpeabody.com
State Bar No. 1673805

Thomas Mealiffe
Nixon Peabody LLP
50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728
516-832-7500
 Fax: 866-895-8157
E-mail: tmealiffe@nixonpeabody.com
State Bar No. 4368494


*Jerry C. von Sternberg*                          December 4, 2015
Counsel for Plaintiffs                            Date

*C. Scott Jones*                                  December 4, 2015
Counsel for Defendant                             Date